UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR39 HEA |
| ) | |
| RODERICK SILINZY, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Order and Report and Recommendation of United States Magistrate Judge David D. Noce, [Doc. No. 24], pursuant to 28 U.S.C. § 636(b), in which Judge Noce recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 16], be denied. Defendant has filed Objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to

the audio recordings of the hearing held on March 27, 2007.

Defendant generally objects to Judge Noce's Recommendation and seeks a *de novo* determination based on the previously filed Motion to Suppress.

**<u>Discussion</u>**

Defendant's Motion to Suppress is based on the argument that there are insufficient facts in the Affidavits to support the Search Warrant. Defendant argues that the Affidavits simply make the conclusory statements that fail to set forth requisite facts upon which reliability is based. Defendant further argues that the Affidavits are "completely devoid" of any facts concerning the basis of knowledge which the informant gave law enforcement.

The facts upon which the search warrant was issued support a finding of probable cause for its issuance. Probable cause means a "fair probability that . . . evidence of a crime will be found in a particular place," given the circumstances set forth in the affidavit. *United States v. Horn,* 187 F.3d 781, 785 (8th Cir. 1999) (*citing Illinois v. Gates,* 462 U.S. 213, 238 (1983)). When reviewing the legal sufficiency of the basis for the issuance of a search warrant, the Court must determine whether the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of the warrant. *United States v. Luloff,* 15 F.3d 763, 768 (8th Cir. 1994). There must be a fair probability, based on the

totality of circumstances described in the officer's affidavit, and the veracity and basis of knowledge of the persons supplying hearsay information, that contraband or evidence of a crime will be found in a particular place. *United States v. Coleman,* 349 F.3d 1077, 1083 (8th Cir. 2003).

Defendant's arguments are without merit. In the affidavit in support of the search warrant, and the testimony given during the hearing, Detective Laird sets forth that the informant, John Thebeau, admitted to committing the burglary which Detective Laird was investigating. He admitted that he took the items missing from the victimized residence and that he sold the pistol to a man later identified as Defendant. Thebeau's statements were corroborated: Thebeau told the officers where they could find the stolen police radio. The radio was thereafter recovered based on Thebeau's statements. Further Thebeau told the officers that he sold the gun for crack at the residence searched. The officers set up surveillance on the residence. During the surveillance, the officers observed two people at different times enter the side yard and appear to walk to the back of the residence and then return in about five to ten minutes, activity which is typical of illegal drug sales transactions. Thus, the search warrant application was based on the officers' probable cause and the issuing judge had a substantial basis for finding that probable cause existed that evidence of a crime would be discovered at 3241

Liberty. The search warrant was lawfully issued. Defendant's objections are overruled. The Court, therefore adopts Judge Noce's Recommendation that the Motion to Suppress be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 16], is denied.

Dated this 30th day of April, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE